IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shameen Coker, # 291587, | ) C/A No.: 1:11-1842-RBH-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Warden, Lee Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Shameen Coker is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #19, #20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by December 27, 2011. [Entry #21]. Petitioner filed a response on December 14, 2011. [Entry #23]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Procedural Background

Petitioner was indicted by the Beaufort County grand jury in February 2001 for murder, kidnapping, and armed robbery. [Entry #20-3 at 104–109]. Petitioner was

represented by Gene Hood, Esq. at trial March 10-12, 2003 before the Honorable Jackson Gregory. [Entry #20-1 at 3–127, #20-2 at 1–130; and #20-3 at 1–8]. On March 12, 2003, the jury rendered a guilty verdict and Judge Gregory sentenced Petitioner to 30 years for murder (which also encompassed the kidnapping conviction) and 15 years consecutive for armed robbery. [Entry #20-3 at 6–7].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Aileen P. Clare of the S.C. Office of Appellate Defense who filed an *Anders*[1] brief raising the following issue: "Did the trial court lack jurisdiction to try appellant for armed robbery in Beaufort County, when the robbery occurred in Hampton County?" [Entry #20-3 at 96]. Attorney Clare certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #20-3 at 101]. In Petitioner's *pro se* Response to the *Anders* brief, he raised the following issue: "Did the trial court err in denying appellant's motion for a directed verdict, when a co-defendant had pleaded guilty and was convicted of the alleged offenses?" [Entry #20-4 at 4].

On October 20, 2004, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal pursuant to the *Anders* procedure. [Entry #20-3 at 91–92].

---

1 *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

Petitioner did not file a petition for rehearing, nor seek certiorari in the South Carolina Supreme Court. The remittitur was issued on November 22, 2004. [Entry #20-3 at 84].

Petitioner filed an application for post-conviction relief ("PCR") on July 1, 2005, as amended March 14, 2006, in which he alleged ineffective assistance of counsel. [Entry #20-3 at 26–46, 53–54]. A PCR evidentiary hearing was held before the Honorable Michael G. Nettles on April 17, 2008, at which Petitioner and his counsel, Hector F. Esquivel, Esq. appeared. [Entry #20-3 at 55–81]. On May 13, 2008, Judge Nettles entered an order of dismissal. [Entry #20-3 at 83–90]. On March 16, 2009, Petitioner appealed from the denial of PCR by way of a Petition for Writ of Certiorari in the Supreme Court of South Carolina. [Entry #20-5].

Appellate Defender Celia Robinson of the South Carolina Office of Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. The petition raised the following issues:

1.  Did the PCR judge err in denying relief where trial counsel was ineffective in failing to object to the solicitor's referring to petitioner as "the devil" in his closing argument?

2.  Did the PCR judge err in denying relief where trial counsel provided ineffective assistance of counsel by failing to object to the State's introduction of irrelevant testimony as to the Folks gang and, having allowed the gang evidence to be introduced against petitioner, by failing to cross-examine the State's witness or to present defense evidence to contradict the erroneous indication that a member of the Folks gang advances through murder?

3.  Did the PCR judge err in denying relief where trial counsel was ineffective in failing to make a motion to quash the indictment for murder which failed

to state the time and place of the alleged murder with sufficient specificity to provide the notice required by Section 17-19-30?

[Entry #20-5 at 3].

The Supreme Court of South Carolina transferred the appeal to the Court of Appeals, which dismissed the appeal on February 10, 2011. [Entry #20-7]. The remittitur issued on February 28, 2011. [Entry #20-8].

Petitioner filed this federal petition for a writ of habeas corpus on July 27, 2011. [Entry #1-2 at 2].[2]

II.     Discussion

A.     Federal Habeas Issues

Petitioner states the following three grounds in his habeas petition:

**Ground One:**     Trial counsel was ineffective assistance of counsel when failing to make motion to quash the indictment based upon the failure of the grand jury to include the time and place of death and essential element of murder in the indictment: For failure to properly investigate the law on murder: Failure to discover insufficiency within the indictment and Failure to make motion in a timely manner, in violation of the Applicant's Sixth Amendment right.

**Ground Two:**     Did the appellate court err and abuse its discretion in denying Petitioner's Writ of Certiorari?

---

[2] The petition was received by the court on July 28, 2011 and docketed on July 29, 2011. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner did not date his petition, but his envelope indicates the petition was deposited in the Lee Correctional mailing system on July 27, 2011.

**Ground Three:**    Did the appellate court err and abuse its discretion in denying Petitioner's Writ of Certiorari?

[Entry #1 at 5–8, 20–30].

    B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes

that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      C.      Habeas Corpus Standard of Review

      1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather,

that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-

27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162−65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a

"fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.      Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.      Analysis

1.      AEDPA's Statute of Limitations

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996 and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal

courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*,

257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 258 F.3d at 399.

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in

15

*Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2.     Finality of Judgment for Purposes of the AEDPA

Respondent argues Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on November 22, 2004, the date the Court of Appeals issued its remittitur dismissing his direct appeal.

The AEDPA's statute of limitations provides, in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     the date on which the judgment became final **by the conclusion of direct review or the expiration of the time for seeking such review**;
. . .

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The emphasized language of § 2244(d)(1)(A) is at issue here. Often, the "direct review" of an underlying criminal judgment will include the 90 days within which a petitioner could seek certiorari from the United States Supreme Court. *See* Sup. Ct. R. 13(1) (providing petition for certiorari is for review of judgment from case entered by a "state court of last resort"). Accordingly, the statute of limitations would not begin to run until the expiration of the 90-day period for seeking certiorari from judgment entered by a state court of last resort. However, a petitioner may not be entitled to the 90-day tolling period when the United States Supreme Court lacks jurisdiction to review the direct appeal. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . .."); Sup. Ct. R. 13(1).

In this case, Petitioner directly appealed to the Court of Appeals. After the dismissal by the Court of Appeals, he did not petition the South Carolina Supreme Court for certiorari. If the Court of Appeals is considered a "state court of last resort," Petitioner could have sought a writ of certiorari directly to the United States Supreme Court, thereby tolling the running of AEDPA statute of limitations for the 90 days. If the Court of Appeals is not considered the "state court of last resort" for Petitioner's direct appeal, he would not be entitled to the additional 90-day tolling period, and the judgment would have been considered final when the Court of Appeals issued its remittitur on November 22, 2004. *See Christy v. Christy*, 452 S.E.2d 1, 4 (S.C. Ct. App. 1994) (noting final

disposition occurs "when remittitur is returned by the clerk of the appellate court and filed in the lower court").

The undersigned agrees with the reasoning of cases in this district that hold that the South Carolina Supreme Court remains the "state court of last resort" for purposes of determining whether the 90-day tolling period should be added to the limitations period for a petitioner who did not seek the South Carolina Supreme Court's review of the Court of Appeals' dismissal of his direct appeal. *See, e.g., Glover v. Warden*, 3:10-2277-DCN-JRM, 2011 WL 2731325 (D.S.C. May 31, 2011) (adopted on Jul. 13, 2011); *Bryant v. Cartledge*, 3:09-3234-CMC, 2011 WL 145328 (D.S.C. Jan. 18, 2011); *Reddock v. Ozmit*, 3:09-204-RBH, 2010 WL 568870 (D.S.C. Feb. 11, 2010); *Martino v. Cartledge*, 0:09-527-HMH, 2010 WL 56093 (D.S.C. Jan. 4, 2010); *Hammond v. Hagan*, 4:07-1081-JFA, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008) (finding petitioner who did not seek certiorari review from the South Carolina Supreme Court, "is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court."); *and Moore v. Padula*, 8:07-1471-HMH, 2008 WL 1994842 (D.S.C. May 5, 2008).

In finding petitioners were not entitled to the 90-day tolling period when they did not pursue review beyond the remittitur from the Court of Appeals, several of these decisions discussed the interplay between the AEDPA's requirement and decisions of the Supreme Court of South Carolina that do not require a criminal defendant to seek certiorari from the South Carolina Supreme Court for purposes of exhausting available

state court remedies in collateral proceedings. *See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the [South Carolina] Court of Appeals in order to be deemed to have exhausted all available state remedies."); *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002) (considering *In re Exhaustion* and finding discretionary review by the state supreme court as outside the standard review process, making a request for such discretionary review was unnecessary to exhaust state remedies). The undersigned agrees with the analysis in these cases that "while both exhaustion of state remedies and timeliness are statutory considerations precedent to federal habeas review, they are independent requirements." *Reddock*, 2008 WL 568870, at *3.[5]

---

[5] As noted in the *Reddock* and *Marino* decisions, some courts in this district have suggested that a petitioner may be entitled to toll the 90 days to seek certiorari review from the United States Supreme Court even when he did not petition the South Carolina Supreme Court for certiorari after the Court of Appeals dismissed his appeal. *See Gainey v. South Carolina*, 9:08-3900-PMD, 2009 WL 2644013 (D.S.C. Aug. 26, 2009 *Goodman v. Cartledge*, 9:07-3519-MBS, 2008 WL 4458186 (D.S.C. Sept. 30, 2008). These decisions seem to base that finding in part on *Salters v. Greenville Housing Authority*, 469 U.S. 1225 (1985) (mem.) for the proposition that, arguably a petitioner could obtain the United States Supreme Court's certiorari review directly from a South Carolina Court of Appeals decision. However, as Judge Herlong explained, "the South Carolina Supreme Court's records show that in *Salters*, the petitioner did in fact seek certiorari from the South Carolina Supreme Court before filing her certiorari petition with the United States Supreme Court." *Martino*, 2009 WL 4727554, at *6 n. 5. The undersigned finds *Salters* does not support the suggestion that a petitioner may seek certiorari review by the United States Supreme Court of a South Carolina Court of Appeals' decision without first seeking certiorari review from the South Carolina Supreme Court.

Because the South Carolina Supreme Court, and not the Court of Appeals, is the court of last resort in considering direct appeals,[6] a habeas petitioner who does not seek review from the South Carolina Supreme Court will be unable to obtain certiorari review from the United States Supreme Court. Accordingly, in such situations, the habeas petitioner's direct appeal will be considered final for purposes of the AEDPA's limitations period on the date the Court of Appeals issues its remittitur.

### 3. Petitioner's Petition Was Not Timely Filed

In this case, Petitioner could have sought certiorari from the South Carolina Supreme Court, but he did not do so. Accordingly, the United States Supreme Court would have lacked jurisdiction to consider his request for a writ of certiorari. Therefore, he is not entitled to have the AEDPA's statute of limitations tolled for the 90 days within which he could have sought such review.

---

[6] The undersigned notes that, in 2009, the South Carolina Supreme Court indicated it would no longer consider certiorari petitions for matters in which the Court of Appeals had dismissed a criminal defendant's direct appeal after *Anders* review. *State v. Lyles*, 673 S.E.2d 811, 812 (S.C. 2009) ("We deny the petition and hold that, as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review."). As the *Reddock* court explained, *Lyles* suggests that, for matters on direct appeal after the February 19, 2009 date of the *Lyles* decision, an appellant may be able to seek certiorari review from the United States Supreme Court directly from the Court of Appeals' *Anders* dismissal. *See Reddock*, 2010 WL 568870, *5 (noting *Lyles* indicates a revised state procedure that would make the South Carolina Court of Appeals the "'the highest court of a State in which a decision could be had' regarding cases that were dismissed pursuant to *Anders* review."). Because *Lyles* was not decided until 2009, several years after Petitioner's direct appeal was dismissed by the South Carolina Court of Appeals, this change in state procedure for purposes of seeking certiorari from the United States Supreme Court would not apply to his case. *Accord Reddock*, 2010 WL 568870, *5.

The undersigned agrees with Respondent's position that Petitioner's judgment became final for purposes of the AEDPA's statute of limitations on November 22, 2004 when the Court of Appeals issued its remittitur. He filed his PCR application on July 1, 2005, tolling the statute of limitations with 144 days of the one-year limitations remaining. The circuit court dismissed his PCR application, and the Court of Appeals denied his request for appellate review. On February 28, 2011, the South Carolina Court of Appeals issued the remittitur, which meant his PCR application was no longer "pending" for purposes of the tolling provision of 28 U.S.C. § 2244(d)(2). *See Holland*, 130 S. Ct. at 2557 (noting tolling pursuant to 28 U.S.C. § 2244(d)(2) does not continue during pendency of any discretionary review of PCR application). The remaining 144 days of the statute of limitations for Petitioner to bring a federal habeas petition expired on July 25, 2011, at the latest.[7] Accordingly, Petitioner's federal habeas petition, filed July 27, 2011, was filed at least two days too late. The undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

    4.    Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[7] Petitioner and Respondent both represent the deadline as July 22, 2011. *See* Entry #23 at 1; #20 at 14, 16.

stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a.     Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights.

In his response to the motion for summary judgment, he states that "[o]n March 1, 2011, I received my habeas corpus application, which had to be stamped, signed, dated and mailed by July 22." [Entry #23 at 1]. He claims that his unit of the prison "stays on lock-down" which prevents his freedom of movement. *Id.* He claims that he was unable to complete his petition "until the end of May," on account of lack of access to the law library and delays by the library law clerks. *Id.* He blames his delay in mailing his petition on an alleged lack of access to the mail room, although he admits that he "was able to get contraband's L.T., Durant to take me to the mail room on July 27, 2011, which was five days late, but still mailed it out, hoping to merge in the courts, due to my situation." *Id.* at 2.

The undersigned concludes that Petitioner has failed to show that the alleged lockdown at the prison constitutes "extraordinary circumstances" which would warrant

equitable tolling of the filing deadline. Petitioner has provided no evidence aside from his allegations that the lockdowns occurred or that he lacked access to the mail room. Even assuming that Petitioner had no access to the law library and mail during a brief period, the statute of limitations is one year and Petitioner does not explain why he could not have prepared and mailed a sufficient § 2254 motion in the remaining period.

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

      b.     Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitled Petitioner to equitably toll the AEDPA's statute of limitations.  While he alleges that he was in a unit on lockdown, he has not shown that the lockdown caused him "actual harm" as it "unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence." *Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir. 2000); *see also Allen v. Johnson,* 602 F.Supp.2d 724, 729 (E.D.Va. 2009) (facility lockdown amounted to no more that the routine incidents of prison life and did not constitute an extraordinary circumstance warranting

equitable tolling); *Warren v. Kelly,* 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002) (transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period).

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shivia V. Hodges*

May 9, 2012                                    Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).