IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Shameen Coker, # 291587,            )       Civil Action No.: 1:11-01842-RBH
                                    )
        Petitioner,                 )
                                    )
v.                                  )       **ORDER**
                                    )
Warden, Lee Correctional Institution, )
                                    )
        Respondent.                 )
_____    )

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [ECF No. 1]

Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on July 27, 2011[1].

Petitioner is currently incarcerated at Lee Correctional Institution in Bennettsville, South Carolina.

On November 18, 2011, Respondent filed his [ECF No. 19] Motion for Summary Judgment,

along with a return and memorandum, [ECF No. 20]. Because Petitioner is proceeding *pro se*, the

court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November

21, 2011, advising Petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to adequately respond. On December 14, 2011, Petitioner filed his [ECF

No. 23] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [ECF No. 27] Report and Recommendation ("R

& R") of United States Magistrate Judge Shiva V. Hodges,[2] filed on May 9, 2012. In her R & R,

the Magistrate Judge recommended that the court should grant Respondent's Motion for Summary

Judgment and dismiss Petitioner's petition with prejudice on the basis that the petition was not

---

[1] The filing date has been determined by utilizing the date when the envelope was deposited with the Lee Correctional mailroom on July 27, 2011. *See Houston v. Lack*, 487 U.S. 266 (1988).

[2] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

timely filed.

The Report and Recommendation was mailed to the petitioner on May 10, 2012. Therefore, allowing fourteen days plus three days for mailing and not including the Memorial Day holiday, objections were due by May 29, 2012. The court received Petitioner's objections on May 31, 2012; under the prison mailbox rule they were deemed filed on May 30, 2012, the date on which the envelope was stamped by the prison mailroom. Therefore, the objections were one day late.

**Standard of Review of Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The petitioner did not file timely objections. Therefore, the Court must only review the Magistrate's Report for clear error. However, under either *de novo* or clear error review of the

magistrate's R&R, the motion for summary judgment must be granted.

**Applicable Law**

I.    Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254.  Section 2254 states in pertinent

part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination
>> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  "[A] determination of a factual issue made by a State court shall be

presumed to be correct.  The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence." *Id* § 2254(e)(1).

II.  Statute of Limitations

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which

provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

### **Discussion**

Petitioner was convicted in state court of murder, kidnapping, and armed robbery and
sentenced in March of 2003.  A direct appeal was filed, and the South Carolina Court of Appeals
affirmed.  The remittitur was issued on November 22, 2004.  Petitioner did not file a Petition for
Rehearing or a Petition for Writ of Certiorari with the South Carolina Supreme Court. On July 1,
2005, Petitioner filed an application for PCR which was denied on May 13, 2008.  Petitioner filed
a petition for writ of certiorari with the South Carolina Supreme Court which was transferred to the
Court of Appeals.  The Court of Appeals dismissed the appeal on February 10, 2011.  The remittitur
was issued on February 28, 2011.  This habeas petition was filed on July 27, 2011.

The Magistrate Judge cites 28 U.S.C. § 2244(d)(1)(A), which provides that the one-year period
of limitation for the filing of a petition under 28 U.S.C. § 2254 generally begins to run on "the date on
which the judgment became final by the conclusion of direct review or the expiration of the time for
seeking such review."  She further finds that, after the decision by the South Carolina Court of Appeals
became final on November 22, 2004, because Petitioner did not file a petition for rehearing or a petition
for certiorari with the South Carolina Supreme Court,  the petitioner was not entitled to an additional

4

90-day period to seek review by the United States Supreme Court. The basis for the Magistrate's finding was that the South Carolina Supreme Court is the "state court of last resort" for purposes of determining whether the 90-day tolling period should be added to the limitations period for a petitioner who did not seek the South Carolina Supreme Court's review of the Court of Appeals' dismissal of his direct appeal. *See* U.S. Sup. Ct. Rule 10.

The Magistrate concludes that the petitioner's one-year statute of limitations began to run on November 22, 2004 and was then tolled by the filing of the PCR application on July 1, 2005. At that time, 144 days of the one-year limitations period remained, thus making the habeas petition due by July 25, 2011 at the latest. She finds that the petition was filed on July 27, 2011 and was therefore untimely.

She further finds that the petitioner is not entitled to equitable tolling. In *Holland v. Florida*, 130 S.Ct. 2549 (2010), the Supreme Court held that the AEDPA limitations period may be tolled for equitable reasons in appropriate cases. A Petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way". *Id*. at 2564, citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Regarding the first prong, the Magistrate Judge found that Petitioner has not demonstrated reasonable diligence in pursuing his rights, citing his response to the motion for summary judgment in which he states: "On March 1, 2011, I received my habeas corpus application, which had to be stamped, signed, dated and mailed by July 22." (ECF No. 23, p. 1). He refers to lockdowns at the prison but indicates that he had completed the petition by the end of May. He says that there were delays in getting to the mailroom, but states that he "was able to get contraband's L.T. Durant to take me to the mail room on July 27, 2011, which was five days late, but still mailed it out, hoping to merge in the courts, due to my situation." *Id*. at p. 2. This conduct greatly contrasts with that of the petitioner in

*Holland*.  The Supreme Court concluded that Holland acted with sufficient diligence to warrant an

evidentiary hearing because

> Holland not only wrote his attorney numerous letters seeking crucial information and
> providing direction: he also repeatedly contacted the state courts, their clerks, and the
> Florida State Bar Association in an effort to have [his attorney]– the central impediment
> to his pursuit of his legal remedy– removed from his case.  And, the very day that
> Holland discovered that his AEDPA clock had expired due to [his attorney's] failings,
> Holland prepared his own habeas petition *pro se* and promptly filed it with the District
> Court.

The Magistrate did not err in concluding that Petitioner failed to show reasonable diligence in

pursuing his rights.

The Magistrate also concluded that Petitioner has not set forth facts which would constitute

"extraordinary circumstances" that kept him from timely filing his petition.  She notes that his

allegations of facility lockdown and restricted access to the law library were not specific and that such

allegations do not ordinarily constitute extraordinary circumstances which would justify equitable

tolling.

In his objections, the petitioner does not challenge the calculation of the time deadlines

contained in the R&R.[3]  He simply states that he has not been able to "prove that I was not able to send

my Habeas Corpus out in a time manner . . . cause right now I'm on Solitary Confinement".  (ECF No.

---

[3] The limitations period for a habeas petition under AEDPA commences when the time for
seeking discretionary review in the state's highest court expires.  *Gonzalez v. Thaler*, 132 S.Ct. 641
(2012).  The South Carolina Appellate Court Rules require the South Carolina Court of Appeals to
delay sending the remittitur to the lower court until 15 days have elapsed from the filing of the opinion.
SCACR 221(b).  Once this time has elapsed, the remittitur is issued.  SCACR 242(d)(2) states: "Only
those questions raised in the Court of Appeals and in the petition for rehearing shall be included in the
petition for writ of certiorari."  The Supreme Court does not address an issue not raised in a petition
for rehearing before the Court of Appeals. *Camp v. Springs Mortgage Corp*., 310 S.C. 514, 426 S.E.2d
304, 305 (1993).  Therefore, the time for seeking discretionary review in the Supreme Court expired
before the remittitur was issued by the Court of Appeals.

30, p. 1) Petitioner has already been given ample opportunity to attempt to show equitable tolling. He was sent a *Roseboro* Order allowing him time to respond to the respondent's summary judgment motion. The fact he was in solitary confinement at the time the objections were due would not justify equitable tolling of the statute of limitations which ran in 2011.

He also states that he was misled by an attorney, Ms. Tara Shurling, who allegedly told his family that he had six and a-half months to file his habeas petition when she met with them in February of 2011. He apparently seeks to show equitable tolling although he does not mention the doctrine.

Contrary to the petitioner's assertions, the letter from the attorney (dated February 24, 2011) that is attached to the objections does not state that he has 6 ½ months to file his habeas action. Rather, it states that, since he "only waited about five and one-half months to file (the) PCR Application after the Remittitur was returned to the lower court following the ruling on (the) direct appeal", he had time to file the habeas petition. However, it does appear that Ms. Shurling's statement in the letter that Petitioner only waited 5 and ½ months to file a PCR action after the remittitur was issued for the direct appeal was incorrect. Nevertheless, as quoted above, Petitioner's Response to the Motion for Summary Judgment indicates that he believed his habeas petition was due on July 22, 2011. Also, even if the attorney letter was construed as implying that he had 6 ½ months to file his habeas petition, this error would not justify equitable tolling of the statute of limitations, where the letter also states that Petitioner's fiancee had an appointment shortly thereafter to retain the attorney and urged him to sign and return a form to her "at your earliest possible convenience." (ECF No. 30-1, p. 1). The letter additionally states:

> We will not come anywhere close to the statute of limitations deadline. The federal courts are very strict about their statute of limitations, and I do not play chicken with the federal court.

At that time, several months in fact remained before the deadline for the habeas petition, and

Ms. Shurling had emphasized that the petition should be filed soon.

Under *Holland*, attorney misconduct may be considered an "extraordinary circumstance" where

serious attorney misconduct is present. However, "a garden variety claim of excusable neglect" such

as a "miscalculation" that leads an attorney to miss a filing deadline does not warrant equitable tolling.

*Holland*, 130 S.Ct. at 2564, citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In *Lawrence*, the

Supreme Court stated: "Attorney miscalculation is simply not sufficient to warrant equitable tolling,

particularly in the post conviction context where prisoners have no constitutional right to counsel."

*Lawrence*, 549 U.S. at 336-337. The Fourth Circuit held before *Holland* that a mistake by a party's

attorney in interpreting a statute of limitations does not constitute "extraordinary circumstances"

beyond the party's control which would justify equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325

(4th Cir. 2000). It is not necessary here to analyze whether the Fourth Circuit decisions of *Harris* and

*Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) have been affected by the *Holland* decision. Petitioner has

not shown the first prong of *Holland* that he diligently protected his rights, much less serious attorney

misconduct. *See United States v. Oriakhi*, 394 Fed. Appx. 976 (4th Cir. 2010)(unpublished decision

citing *Holland* but finding the first prong of diligence by the petitioner had not been met.)

Therefore, Petitioner has not established facts which would support either prong of the findings

required for equitable tolling.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, Petitioner has failed to make the requisite showing of "the denial of a constitutional right."  Thus, this court denies a certificate of appealability.

### Conclusion

Based on the foregoing, the court hereby overrules all of Petitioner's Objections, and adopts and incorporates by reference the Magistrate Judge's R & R.  Accordingly, it is therefore **ORDERED** that Respondent's [19] Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is **DISMISSED**, without an evidentiary hearing.

Petitioner has failed to make the requisite showing of "the denial of a constitutional right." Thus, this court denies a certificate of appealability.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 30, 2012

9